**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Massage Envy Franchising LLC, | No. CV-15-02129-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Doc Marketing LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff/Counter-Defendant Massage Envy Franchising, LLC's (MEF) Motion for Attorneys' Fees and Non-Taxable Costs.  (Doc. 68.)  The motion is fully briefed, and the Court heard oral argument on April 15, 2016.  For the following reasons, MEF's motion is granted in part.

## BACKGROUND

MEF is a franchisor of independently owned and operated massage therapy clinics.  Defendants/Counterclaimants Doc Marketing, LLC and its managing member George Lohmann, Jr. (Defendants) are former MEF franchisees.  In June 2014, MEF terminated Defendants' franchise agreements, leading Lohmann to file a wrongful termination complaint in the Western District of Texas.  MEF and Lohmann resolved their dispute through a Settlement Agreement, which, as relevant here, created a process for appraising and selling Defendants' two Texas-based clinics.

This case involved MEF's efforts to compel Defendants to cooperate with the sale

of the clinics.  MEF successfully obtained a temporary restraining order and preliminary injunction compelling Defendants to cooperate with MEF to ensure that the clinics were sold according to the terms and procedures of the Settlement Agreement.  Defendants filed numerous counterclaims, but the parties eventually reached a global settlement resolving this matter.  MEF now moves for $148,224.44 in attorneys' fees and $1,103.84 in non-taxable costs pursuant to a fee-shifting provision in the Settlement Agreement, which provides that the prevailing party in a dispute involving or relating to the Settlement Agreement shall be entitled to its reasonable attorneys' fees.  (Docs. 68, 92.)

## LEGAL STANDARD

When reasonable attorneys' fees are sought pursuant to a contractual provision, a fee award must be supported by proof of what is reasonable.  *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931 (Ariz. Ct. App. 1983) (citing *Crouch v. Pixler*, 320 P.2d 943, 946 (Ariz. 1958)).  "A fee award calculated by a lodestar method—multiplying a reasonable hourly rate by the number of hours expended—is presumptively reasonable." *Flood Control Dist. of Maricopa Cty v. Paloma Inv. Ltd. P'ship*, 279 P.3d 1191, 1212 (Ariz. Ct. App. 2012).

> Once the prevailing party makes a prima facie case that the fees requested are reasonable, the burden shifts to the party opposing the fee request to establish that the amount requested is clearly excessive.  If that party fails to make such a showing of unreasonableness, the prevailing party is entitled to full payment of the fees.  If, however, the party opposing the award shows that the otherwise prima facie reasonable fee request is excessive, the court has discretion to reduce the fees to a reasonable level.

*Geller v. Lesk*, 285 P.3d 972, 976 (Ariz. Ct. App. 2012) (internal citations omitted).

## DISCUSSION

MEF is the prevailing party because it obtained all the relief it sought in this litigation through the temporary restraining order and preliminary injunction.  *See Watson v. Cty. of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002).  Accordingly, MEF is entitled to its reasonable attorneys' fees pursuant to the Settlement Agreement's fee-shifting provision.

When analyzing the reasonableness of a requested fee award, the Court begins by

determining the billing rate charged by the attorneys who worked on the case. *Schweiger*, 673 P.2d at 931.  "[I]n corporate and commercial litigation between fee-paying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case."  *Id.* at 931-32.  However, "upon the presentation of an opposing affidavit setting forth the reasons why the hourly billing rate is unreasonable, the court may utilize a lesser rate."  *Id.* at 932.

Six attorneys and one paralegal performed work on behalf of MEF.  Cynthia Ricketts, co-founding and named partner of Sacks, Ricketts & Case LLP (SRC) billed at an hourly rate of $495, which was discounted from her standard hourly rate of $550.  (Doc. 69, ¶¶ 4-5.)  Robert Bader, Of Counsel with SRC, billed at an hourly rate of $430, discounted from his standard hourly rate of $475.  (*Id.*, ¶ 7.)  Amit Rana, a litigation associate with SRC, billed at an hourly rate of $225, discounted from his standard hourly rate of $250.  (*Id.*, ¶ 8.)  Natalya Ter-Grigoryan, a litigation associate with SRC, billed at an hourly rate of $315, discounted from her standard hourly rate of $350.  (*Id.*, ¶ 9.)  Claudia Barajas, a paralegal with SRC, billed at an hourly rate of $158, discounted from her standard hourly rate of $175.  (*Id.*, ¶10.)  Barry Heller, a partner with DLA Piper LLP, billed at an hourly rate of $639.60, discounted from his standard hourly rate of $785.  (Doc. 70, ¶¶ 4, 7.)  Finally, Richard Greenstein, a partner with DLA Piper, billed at an hourly rate of $589, discounted from his standard hourly rate of $730.  (*Id.*, ¶¶ 5, 8.)

These fees are presumptively reasonable because they are the fees that MEF agreed to pay.  Although Defendants argue that these rates are too high, they do not specify the reasons why the rates are unreasonable.  Indeed, Defendants' counsel Jeffrey Goldstein submitted a declaration challenging the reasonableness of the overall fee award while assuming that the hourly rates charged by MEF's attorneys are reasonable.  (Doc. 88-1.)  Accordingly, the Court finds that the hourly rates charged by MEF's attorneys are reasonable.

Next, the Court must consider whether the number of hours expended is reasonable. A reasonable attorneys' fee award compensates only for those "item[s] of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest . . . ." *Schweiger*, 673 P.2d at 932 (quoting *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982)). To that end, the party seeking a fee award must submit an affidavit indicating "the types of legal services provided, the date the service was provided, the attorney providing the service . . ., and the time spent providing the service." *Id.* Once that party establishes its entitlement to fees and submits a sufficiently-detailed affidavit, "the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007) (citing *State ex rel. Corbin v. Tocco*, 845 P.2d 513, 520 (Ariz. Ct. App. 1992)). The opposing party must "present specific objections to the reasonableness of the fees requested." *Id.* Generic assertions that the fees "are inflated and that much of counsel's work was unnecessary . . . are insufficient as a matter of law." *Id.* at 1285-86.

Although MEF submitted billing records that include detailed entries describing the types of legal services provided, the date the services were provided, the attorneys providing the services, and the time spent providing the services, most fee entries are block-billed. "Block billing, the practice of including unrelated tasks in a single time entry, makes it difficult for a reviewing court to assess the reasonableness of the time spent on each task." *Gressett v. Cent. Ariz. Water Conservation Dist.*, No. CV-12-00185-PHX-JAT, 2015 WL 5545054, at *4 (D. Ariz. Sept. 18, 2015). For example, on October 20, 2015, Mr. Bader expended 5.5 hours and billed $2,365.00 for the following tasks: "Revise letter to Doc Marketing's counsel; draft complaint." (Doc. 69-5 at 2.) Likewise, on November 2, 2015, Mr. Bader expended 7.1 hours and billed $3,053.00 for the following tasks: "Research alternative methods of service of complaint and summons; draft email to J. Goldstein regarding service of complaint; research cases supporting

motion to convert TRO; draft motion to convert TRO." (*Id.* at 6.)  Having reviewed MEF's billing records, the Court finds that the following entries, totaling $100,254.30 in fees, reflect inappropriate block-billing:

| Date | Attorney/Paralegal | Time Expended | Amount Billed |
|---|---|---|---|
| 10/20/2015 | Bader | 5.5 | $2,365.00 |
| 10/21/2015 | Bader | 1.8 | $744.00 |
| 10/21/2015 | Ricketts | 3.8 | $1,881.00 |
| 10/22/2015 | Ricketts | 2.2 | $1,089.00 |
| 10/23/2015 | Ricketts | 1.3 | $643.50 |
| 10/23/2015 | Rana | 5.0 | $1,125.00 |
| 10/24/2015 | Ricketts | 6.4 | $3,168.00 |
| 10/25/2015 | Bader | 6.4 | $2,752.00 |
| 10/25/2015 | Ricketts | 5.2 | $2,574.00 |
| 10/26/2015 | Ricketts | 2.1 | $1,039.00 |
| 10/26/2015 | Barajas | 5.5 | $869.00 |
| 10/27/2015 | Barajas | 2.7 | $426.60 |
| 10/28/2015 | Ricketts | 3.2 | $1,584.00 |
| 10/28/2015 | Rana | 2.8 | $630.00 |
| 10/28/2015 | Barajas | 5.8 | $916.40 |
| 10/28/2015 | Bader | 5.7 | $2,451.00 |
| 10/29/2015 | Rana | 3.1 | $697.50 |
| 10/29/2015 | Barajas | 7.0 | $1,106.00 |
| 10/29/2015 | Bader | 8.9 | $3,827.00 |
| 10/29/2015 | Ricketts | 7.5 | $3,712.50 |
| 10/30/2015 | Bader | 2.9 | $1,247.00 |
| 10/30/2015 | Ricketts | 4.4 | $2,178.00 |

| 11/2/2015 | Bader | 7.1 | $3,053.00 |
|---|---|---|---|
| 11/3/2015 | Bader | 5.9 | $2,537.00 |
| 11/4/2015 | Ricketts | 1.3 | $643.50 |
| 11/5/2015 | Ricketts | 1.2 | $594.00 |
| 11/6/2015 | Ricketts | 0.7 | $346.50 |
| 11/9/2015 | Ricketts | 2.7 | $1,336.50 |
| 11/9/2015 | Bader | 3.2 | $1,376.00 |
| 11/10/2015 | Bader | 6.3 | $2,709.00 |
| 11/10/2015 | Ricketts | 6.2 | $3,069.00 |
| 11/10/2015 | Barajas | 2.0 | $316.00 |
| 11/11/2015 | Bader | 0.7 | $301.00 |
| 11/11/2015 | Ricketts | 4.9 | $2,425.50 |
| 11/11/2015 | Barajas | 3.0 | $474.00 |
| 11/12/2015 | Bader | 2.8 | $1,204.00 |
| 11/12/2015 | Ricketts | 5.4 | $2,673.00 |
| 11/12/2015 | Barajas | 4.2 | $663.60 |
| 11/13/2015 | Bader | 8.6 | $3,698.00 |
| 11/13/2015 | Barajas | 2.8 | $442.40 |
| 11/14/2015 | Bader | 5.5 | $2,365.00 |
| 11/16/2015 | Ricketts | 2.6 | $1,287.00 |
| 11/16/2015 | Bader | 11.0 | $4,730.00 |
| 11/17/2015 | Bader | 12.0 | $5,160.00 |
| 11/17/2015 | Ricketts | 11.4 | $5,643.00 |
| 11/18/2015 | Barajas | 0.6 | $94.80 |
| 11/18/2015 | Bader | 4.5 | $1,935.00 |
| 11/18/2015 | Ricketts | 7.8 | $3,861.00 |
| 11/20/2015 | Barajas | 4.0 | $632.00 |

| 11/22/2015 | Bader | 6.0 | $2,580.00 |
| 11/23/2015 | Bader | 7.2 | $3,096.00 |
| 11/23/2015 | Ricketts | 2.4 | $1,188.00 |
| 11/24/2015 | Bader | 6.5 | $2,795.00 |
| **Total** | | | $100,254.30 |

"Where the Court cannot distinguish between the time claimed for the various tasks, the Court will reduce the award accordingly." *Moshir v. Automobili Lamborghini Am. LLC*, 927 F. Supp. 2d 789, 799 (D. Ariz. 2013). The Ninth Circuit has endorsed a 20% reduction of block-billed fees. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007); *Cooke v. Town of Colorado City*, No. CV-10-08105-PCT-JAT, 2015 WL 1806751, at *5 (D. Ariz. Apr. 21, 2015). Accordingly, the Court will reduce the block-billed fees by 20%, or $20,050.86.

Additionally, Defendants object to $12,088.44 in fees billed by DLA Piper from September 4, 2015 to October 12, 2015, arguing that these fees are not related to the litigation. (Doc. 88-2 at 12, 16.) These fee entries relate to pre-litigation work performed by DLA Piper to facilitate the sale of one of Defendants' clinics. For example, DLA Piper billed MEF for reviewing the initial purchase offer, appraisal reports, and counteroffer. These services pre-date this litigation and presumably would have been undertaken even had Defendants not breached the Settlement Agreement. Accordingly, the Court sustains Defendants' objections to the $12,088.44 in attorneys' fees billed by DLA Piper from September 4, 2015 to October 12, 2015.

Defendants' remaining objections are generalized assertions that the fee entries are "excessive," "redundant," or "unnecessary," without meaningful explanation or analysis. These objections are insufficient as a matter of law and, therefore, are overruled. *Nolan*, 167 P.3d at 1285-86.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the foregoing reasons, the Court grants MEF's Motion for Attorneys' Fees and Non-Taxable Costs, but reduces the requested fee award by $32,139.30.

**IT IS ORDERED** that MEF's Motion for Attorneys' Fees and Non-Taxable Costs, (Doc. 68), is **GRANTED** in part.  MEF is awarded **$116,085.14** in attorneys' fees and **$1,103.84** in costs.

Dated this 29th day of September, 2016.

Douglas L. Rayes
United States District Judge